# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ELSA FLORES DIAZ and EDWIN MEDRANO CACERES, for themselves and on behalf of their minor children E.M.F., V.M.F., B.M.F., and H.M.F.,<br><br>PLAINTIFF,<br><br>v.<br><br>THE PARTNERSHIP, INC.,<br><br>DEFENDANT. | Case No. 1:21-cv-03661-ELR |

**DEFENDANT'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant The Partnership Inc. ("TPI") supplements its responses to Plaintiffs' First Request for Production as follows:

**GENERAL OBJECTIONS**

At all times relevant to the above-styled action, TPI Management Services, LLC managed the property, and TPI had no management or ownership role in the property. The owner of the property is and was at the time of the alleged incidents Seven Courts Partners, LP. TPI previously amended its responses to these Interrogatories to reflect this information, and TPI's original and amended responses are restated below.

The following responses are subject to the applicable confidentiality agreement between the parties. Specifically, any and all confidential documents

related to the finances of Seven Courts Apartments, TPI, and TPI Management Services are protected under the agreement.

## FIRST SUPPLEMENTAL RESPONSES

1.

*All documents related to the Diaz family's tenancy at Seven Courts Apartments or otherwise related to the Diaz family*.

**RESPONSE:**   See documents attached herein.

**FIRST SUPPLEMENTAL RESPONSE: In addition to the documents previously produced, see ESI documents produced**.

2.

*The personnel files of all the managers who worked at Seven Courts Apartments while the Diaz Family were tenants*.

**RESPONSE:**   Objection. This request seeks information related to confidential, personal information contained in each manager's personnel file file, including, but not limited to, income tax returns and W2s. In addition, this interrogatory seeks any and all documents contained in the personnel files rather than documents specifically related to the allegations in the Complaint, such as the managers' correspondence with the plaintiffs, the managers' training and qualifications, or the managers' professional background, and as such is cumulative. Subject to and without waiving these objections, see the attached documents herein.

**FIRST SUPPLEMENTAL RESPONSE: In addition to the documents previously produced and subject to the previous objections, see ESI documents produced, including redacted versions of W2s**.

3.

All communications by or between Seven Courts Apartments' managers or other employees regarding the Diaz family, including email and text message communications.

**RESPONSE:** None at this time. Defendant reserves the right to supplement its response to this request.

**FIRST SUPPLEMENTAL RESPONSE: See ESI documents produced**.

4.

All documents related to the two events described in Paragraph 16 of the Complaint.

**RESPONSE:** None at this time. Defendant reserves the right to supplement its response to this request.

**FIRST SUPPLEMENTAL RESPONSE: See ESI documents produced**.

5.

All documents related to the July 22, 2021 event described starting at Paragraph 18 of the Complaint, including any documents reflecting communications between Seven Courts Apartments or TPI personnel and the police regarding the event.

**RESPONSE:** See documents attached herein.

3

**FIRST SUPPLEMENTAL RESPONSE:** In addition to the documents previously produced, see ESI documents produced.

6.

*Documents sufficient to show all security-related policies, procedures, and practices in effect at Seven Courts Apartment and/or in force at TPI or at TPI-owned or -managed properties during the Diaz family's tenancy.*

**RESPONSE:**   See documents attached herein.

**FIRST SUPPLEMENTAL RESPONSE:** In addition to the documents previously produced, see ESI documents produced.

7.

*Documents sufficient to show every working security measure that was employed at Seven Courts Apartments on July 22, 2021.*

**RESPONSE:**   See documents attached herein.

**FIRST SUPPLEMENTAL RESPONSE:** In addition to the documents previously produced, see ESI documents produced.

8.

*Documents sufficient to show the location, purpose, and operational status of each security camera installed at Seven Courts Apartments as of July 22, 2021.*

**RESPONSE:**   None at this time.  Defendant reserves the right to supplement its response to this request.

4

9.

*Documents sufficient to show the dates and times, if any, that security footage is available from any of the cameras at Seven Courts Apartments during the period of the Diaz family's tenancy.*

**RESPONSE:**   None at this time.  Defendant reserves the right to supplement its response to this request.

10.

*For the past five years, documents sufficient to show every security measure considered for adoption at Seven Courts Apartment that was not ultimately employed, including any documents that explain why the adoption of each considered security measure was rejected.*

**RESPONSE:**   Objection.  This request is overbroad and unduly burdensome as it requests any and all documents indicating each and every security measure merely considered by Seven Courts Apartments over the past five years.  Subject to and without waiving these objections, see documents attached herein.

**FIRST SUPPLEMENTAL RESPONSE: In addition to the documents previously produced and subject to the previous objections, see ESI documents produced**.

11.

*For the past five years, documents sufficient to show (1) the annual cost of the security measures actually in place at Seven Courts Apartments that year and (2) the relative cost of any alternative security arrangements considered for Seven Courts Apartments but not ultimately adopted.*

**RESPONSE:** See documents attached herein.

**FIRST SUPPLEMENTAL RESPONSE: In addition to the documents previously produced, see ESI documents produced**.

12.

*For the past five years, documents reflecting the knowledge or other notice of Seven Courts Apartments regarding criminal activity on the premises*.

**RESPONSE:** None at this time. Defendant reserves the right to supplement its response to this request.

**FIRST SUPPLEMENTAL RESPONSE: See ESI documents produced**.

13.

*For the past five years, documents reflecting the knowledge of Seven Courts Apartments regarding violent activity on the premises*.

**RESPONSE:** None at this time. Defendant reserves the right to supplement its response to this request.

**FIRST SUPPLEMENTAL RESPONSE: See ESI documents produced**.

14.

*For the past five years, all complaints made by residents regarding a lack of security or inadequate security on the Seven Courts Apartments premises*.

**RESPONSE:** Objection. This request is harassing in that there has been no indication that residents made complaints related to the security measures in place

at Seven Courts Apartments. Subject to and without waiting these objections, and in a good faith attempt to respond to this request, TPI is unaware of any complaints made by residents related to the security measures in place on the premises.

**FIRST SUPPLEMENTAL RESPONSE: Subject to the previous objections, see ESI documents produced**.

15.

*For the past five years, all complaints made by residents regarding criminal activity on the Seven Courts Apartments premises*.

**RESPONSE:** Objection. This request is harassing in that there has been no indication that residents made complaints related to purported criminal activity at Seven Courts Apartments. Subject to and without waiting these objections, and in a good faith attempt to respond to this request, TPI is unaware of any complaints made by residents related to any alleged criminal activity on the premises.

**FIRST SUPPLEMENTAL RESPONSE: Subject to the previous objections, see ESI documents produced.**

16.

*For the past five years, all complaints made by residents regarding violent activity on the Seven Courts Apartments premises*.

**RESPONSE:** Objection. This request is harassing in that there has been no indication that residents made complaints related to purported violent activity at

Seven Courts Apartments. Subject to and without waiting these objections, and in a good faith attempt to respond to this request, TPI is unaware of any complaints made by residents related to any alleged violent activity on the premises.

**FIRST SUPPLEMENTAL RESPONSE: Subject to the previous objections, see ESI documents produced**.

17.

*For the past five years, documents reflecting training received by Seven Courts Apartments personnel regarding security-related issues or resident complaints*.

**RESPONSE:** See documents attached herein.

18.

*Contracts or other documents sufficient to show the nature of Defendant's relationship with Hickey Security as it relates to Seven Courts Apartments*.

**RESPONSE:** See documents attached herein.

**FIRST SUPPLEMENTAL RESPONSE: In addition to the documents previously produced, see ESI documents produced**.

19.

*All communications between Defendant and Hickey Security during the Diaz Family's tenancy at Seven Courts Apartments*.

**RESPONSE:** None at this time. Defendant reserves the right to supplement its response to this request.

**FIRST SUPPLEMENTAL RESPONSE:   See ESI documents produced**.

20.

*Documents sufficient to show all Fair Housing Act-related or other non-discrimination policies, procedures, and practices in effect at Seven Courts Apartment or in force at TPI or at TPI-owned or -managed properties during the Diaz family's tenancy.*

**RESPONSE:**     See documents attached herein.

21.

*For the past five years, documents reflecting training received by Seven Courts Apartments personnel regarding the Fair Housing Act or other non-discrimination laws or related company policies.*

**RESPONSE:**     See documents attached herein.

22.

*All communications by or between Seven Courts Apartments' managers or other employees who worked at the premises while the Diaz Family were tenants regarding the national origin or immigration status of any resident.*

**RESPONSE:**     None.

23.

*All communications by or between Seven Courts Apartments' managers or other employees who worked at the premises while the Diaz Family were tenants that express views about immigrants, immigration, Latinos, or people from Central or South America.*

**RESPONSE:**     None.

24.

*Contracts or other documents sufficient to show the nature of Defendant's relationship with Rainbow Housing as it relates to Seven Courts Apartments.*

**RESPONSE:** See documents attached herein.

25.

*All communications between Defendant and Rainbow Housing regarding tenant relocations following violent or criminal events on the Seven Courts Apartments premises, including but not limited to all communications regarding the Diaz Family.*

**RESPONSE:** None at this time. Defendant reserves the right to supplement its response to this request.

26.

*Documents sufficient to show Defendant's ownership interest in Seven Courts Apartment.*

**RESPONSE:** See documents attached herein. Defendant's note, however, that TPI only makes up 0.01% of the ownership interest in Seven Courts Apartments, the majority shareholder is CCL Seven Courts Associates LLC.

27.

*Documents sufficient to show the extent to which Defendant exercises control over the premises at Seven Courts Apartments.*

**RESPONSE:** None at this time. Defendant reserves the right to supplement its response to this request.

28.

*TPI policies or practices regarding cost controls or containment at properties owned or managed by TPI.*

**RESPONSE:** Objection. This request is vague and ambiguous, particularly as to the phrase "cost controls or containment." These terms require Defendant to speculate as to what documents may be responsive. Subject to and without waiving these conditions, see documents attached herein.

**FIRST SUPPLEMENTAL RESPONSE: In addition to the documents previously produced and subject to the previous objections, see ESI documents produced**.

29.

*Documents that reflect TPI's corporate strategy, as articulated on its website, of "taking on troubled properties and resolving their problems." This request includes, but is not limited to, documents that describe what TPI means by the phrase "troubled properties," how TPI identifies such properties for potential acquisition, and how TPI attempts to "resolv[e] their problems."*

**RESPONSE:** None at this time. Defendant reserves the right to supplement its response to this request.

11

30.

All documents that reflect that TPI identified Seven Courts Apartments as a "troubled property," as the phrase is used on Your website, before TPI took on an ownership or management role with respect to the property.

**RESPONSE:** None at this time. Defendant reserves the right to supplement its response to this request.

31.

Documents sufficient to show or explain TPI's "successful method of improving project performance and investor satisfaction" with respect to the "troubled properties" that TPI "tak[es] on," as described on Your website.

**RESPONSE:** None at this time. Defendant reserves the right to supplement its response to this request.

32.

All documents that show measures implemented by TPI at Seven Courts Apartments to "improv[e] project performance and investor satisfaction," as the phrase is used on Your website, after TPI took on an ownership or management role with respect to the property.

**RESPONSE:** None at this time. Defendant reserves the right to supplement its response to this request.

33.

Documents sufficient to show or explain TPI's strategy for managing properties with "behavioral deficiencies," as described on Your website. This

request includes, but is not limited to, documents that show what TPI means by the phrase "behavioral deficiencies."

**RESPONSE:**   None at this time.  Defendant reserves the right to supplement its response to this request.

34.

Specifically with respect to Seven Courts Apartments, documents that You contend support the assertion in your Mission Statement that TPI provides "safe . . . housing."

**RESPONSE:**   None at this time.  Defendant reserves the right to supplement its response to this request.

**FIRST SUPPLEMENTAL RESPONSE:   See ESI documents produced**.

35.

Specifically with respect to Seven Courts Apartments, documents that You contend support the assertion in your Mission Statement that TPI "adher[es] to the highest standards of professionalism and business best practices."

**RESPONSE:**   None at this time.  Defendant reserves the right to supplement its response to this request.

36.

For the following entities, documents sufficient to show the specific "financial interest in or other interest which could be substantially affected by the outcome of this particular case," as articulated by Your Certificate of Interested Persons and Corporate Disclosure Statement: Nonprofit Housing Preservation VI, LLC; Fulton Seven Courts Partners, LLC; CCL Seven Courts Associates, LLC; Chartermac Corporate XXXII SLP, LLC.

13

**RESPONSE:**   See documents attached herein.

**FIRST SUPPLEMENTAL RESPONSE: In addition to the documents previously produced, see ESI documents produced**.

37.

*All documents that you contend support the denials and affirmative defenses in the Answer.*

**RESPONSE:**   See documents attached herein.

**FIRST SUPPLEMENTAL RESPONSE: In addition to the documents previously produced, see ESI documents produced**.

38.

*Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case and not previously supplied.*

**RESPONSE:**   Objection. This request is premature. Discovery is still ongoing, and this request seeks information related to the defense theories of the case that are still being developed through factual discovery. TPI will supplement this response in accordance with FRCP Rule 26(e).

39.

*For each expert you expect to call at trial, all materials relied upon by the expert in formulating his or her opinions and conclusions, the expert's entire file*

14

*(including, without limitation, reports, opinions, and all billing records and time sheets), and copies of all court orders relating to the admissibility of that person's expert testimony in any case as well as all affidavits the expert gave for purposes of opposing any motion to exclude his or her expert testimony in any case.*

**RESPONSE:** TPI has not yet determined who it expects to call as an expert witness at the trial of this case, if anyone. TPI will disclose its expert witnesses, if any, in accordance with FRCP 26(a)(2).

**FIRST SUPPLEMENTAL RESPONSE: See documents produced with Defendant's expert disclosure and pursuant to Plaintiffs' subpoena to produce documents issued to Bruce Jacobs.**

40.

*To the extent not otherwise produced in response to the preceding requests, all documents that evidence, reflect, refer to, or relate in any way to the subject matter of the Complaint or the defenses raised in the Answer.*

**RESPONSE:** None at this time. Defendant reserves the right to supplement its response to this request.

**FIRST SUPPLEMENTAL RESPONSE: See ESI documents produced.**

This 11th day of August, 2022.

>*/s/ Jeffrey W. Melcher*
>Jeffrey W. Melcher
>Georgia Bar No. 501180
>jmelcher@stites.com
>
>*Counsel for Defendant*

15

**STITES & HARBISON PLLC**
303 Peachtree Street, N.E.
2800 SunTrust Plaza
Atlanta, GA 30308
Telephone: (404) 739-8800
Facsimile: (404) 739-8870

## **CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing document by email to counsel for the Plaintiffs.

This 11th day of August, 2022.

*/s/ Jeffrey W. Melcher*
Jeffrey W. Melcher
Georgia Bar No. 501180
jmelcher@stites.com

*Counsel for Defendant*
