IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ELSA FLORES DIAZ and )
EDWIN MEDRANO CACERES, )
for themselves and on behalf )
of their minor children )
E.M.F., V.M.F., B.MF., and H.M.F., )
)
     Plaintiffs, )
)
vs. )  No. 21-cv-03661
)  Jury Trial Demanded
)
THE PARTNERSHIP, INC. )
)
     Defendant. )

---

**Plaintiffs' Reply Brief in Support of Their Motion to Exclude Certain Opinions by TPI's "Security Expert" Bruce Jacobs, Ph.D.**

---

The Court should exclude Dr. Jacobs's challenged opinions because TPI

failed to meet its "burden of proving that [Dr. Jacobs's] opinions are reliable"

and otherwise satisfy Rule 702. *Knepfle v. J-Tech Corp.*, 48 F.4th 1282, 1296

(11th Cir. 2022) (holding that the proponent bears that burden, and "it is not

the job" of the opposing party or "the district court for that matter, to prove

[the proponent's] expert wrong"); *see also Allison v. McGhan Med. Corp.*, 184

F.3d 1300, 1306 (11th Cir. 1999) ("admissibility must be shown by a preponderance of the evidence").

As Plaintiffs explained in their opening *Daubert* brief, Dr. Jacobs's core opinion—that TPI's security measures were "reasonable" and consistent with the supposed "custom" in the area of Seven Courts—are contrary to Georgia law and unreliable. TPI does not cite a single case that suggests that Dr. Jacobs's reasonableness opinion is admissible under Georgia law, and Dr. Jacobs repeatedly testified that he did not actually perform a comparative analysis designed to evaluate whether the supposed "custom" actually deters crime.

In lieu of arguing that Dr. Jacobs's opinions are reliable and consistent with Georgia law, TPI largely tries to meet its burden by touting Dr. Jacobs's qualifications. But qualifications and reliability "'are distinct concepts,'" which "'litigants must take care not to conflate.'" *United States v. Frazier*, 387 F.3d 1244, 1296 (11th Cir. 2004) (en banc) (quoting *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003)); *see also Moore v. Intuitive Surgical, Inc.*, 995 F.3d 839, 852 (11th Cir. 2021) (same). A proposed expert's qualifications "'are by no means a guarantor of reliability'"; rather, the Eleventh Circuit's "'caselaw plainly establishes that one may be

considered an expert but still offer unreliable testimony.'" *Frazier*, 387 F.3d at 1261 (quoting *Quiet Tech.*, 326 F.3d at 1341–42).

Even qualified experts may run afoul of *Daubert*'s requirement that experts "'employ[] in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field" outside of the courtroom.'" *Frazier*, 387 F.3d at 1260 (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)). Otherwise, expert testimony may be "'quite misleading because of the difficulty in evaluating it'" and must be excluded. *Id.* (quoting *Daubert v. Merrell Dow Pharms.*, Inc., 509 U.S. 579, 595 (1993)). TPI failed to prove that Dr. Jacobs's opinions meet Rule 702's requirements.

## Argument

### I. Dr. Jacobs's "reasonableness" and "standard of care" opinions are inadmissible under Georgia law, so they are inadmissible in this case.

TPI does not dispute that Dr. Jacobs would not be permitted to opine on "reasonableness" or the "standard of care" for landlords in a Georgia state court trying a Georgia negligent security case. [*See* Doc. 100 at 11 (failing to contest that multiple Georgia Court of Appeals decisions so hold)]. Instead, TPI argues it is entitled to a different outcome in a federal court trying a Georgia negligent security case. TPI is mistaken.

TPI's argument rests on a misconception of the interaction between federal procedural law and state substantive law. In a diversity case, Rule 702 does not exist in a federal vacuum; the rule takes account of whether proposed expert testimony "will help the trier of fact to understand the evidence or to determine a fact in issue," which implicates the state law questions the jury must decide. Fed. R. Evid. 702(a). This framework has its origin in *Erie* and respect for "Georgia substantive standards of law [that] must apply" in diversity actions. *Allison*, 184 F.3d at 1320 (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). To adhere to state law, federal courts consider "whether expert evidence me[ets] *Daubert*'s 'fit' or helpfulness prong" in light of the state law claim at issue. *Id.* (cleaned up).

As a matter of Georgia substantive law, expert testimony is necessary on some subjects (like the standard of care in medical malpractice cases) and prohibited on others (like the standard of care in negligent security cases). Those rules reflect state law policies about the type of evidence necessary to reach a particular conclusion. *See, e.g.*, *McDowell v. Brown*, 392 F.3d 1283, 1295–96 (11th Cir. 2004) (explaining that, because the competence of a medical expert is a substantive state rule in a malpractice case, federal courts must first apply state competence standards and then apply Rule 702);

*Allison*, 184 F.3d at 1320 (affirming exclusion of expert testimony that did not satisfy Georgia's causation standard).

Georgia's prohibition on expert "reasonableness" and "standard of care" testimony in premises liability cases is a substantive rule. It reflects Georgia courts' decision about the type of evidence on which a jury verdict should rest. It is not a mere function of "Georgia evidentiary rules" like TPI says, but rather a substantive state law doctrine that reasonableness is within "the ken of the average laymen." *Hadden v. ARE Props.*, LLC, 280 Ga. App. 314, 316–17 (2006). As such, "the jury *must* make the journey from evidence to conclusion *without* the aid of expert testimony." *Id.*; *see also Sotomayor v. TAMA I,* LLC, 274 Ga. App. 323, 326 (2005) (physical precedent only) (expert "reasonableness" testimony is improper "bolstering" of a party's argument) (quoting *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (1997)).

Rule 702 incorporates that standard: the helpfulness or assistance element requires that expert testimony "concerns matters that are beyond the understanding of the average lay person." *Frazier*, 387 F.3d at 1262–63 (citation omitted). As this Court has previously explained, the Court "must ask whether the expert testimony 'concerns matters that are beyond the understanding of the average lay person. If the proffered expert testimony offers nothing more than what lawyers for the parties can argue in closing

arguments,' it should not be admitted." *Scheinfeld v. Lm Gen. Ins. Co.*, 472 F. Supp. 3d 1329, 1337 (N.D. Ga. 2020) (quoting *Frazier*, 387 F.3d at 1262).

Federal courts typically consult state decisions to determine whether the proffered expert testimony "concern[s] matters beyond the understanding of the average lay person." *Brown v. W.R.I. Retail Pool I, L.P.,* No. 1:13-CV-00378-ELR, 2015 U.S. Dist. LEXIS 180525, *5 (N.D. Ga. Aug. 11, 2015) (citing Georgia cases and excluding expert testimony in simple negligence case because the subject was not "beyond the ken of the average layman"); *see also, e.g.*, *Allison*, 184 F.3d at 1320 (holding that the district court properly considered Georgia law to determine whether the plaintiffs' theory involved a "natural inference that a juror could make through human experience"); *Goolsby v. Gain Techs., Inc.*, 326 F. App'x 123, 134–35 (11th Cir. 2010) (surveying Georgia law to determine whether the issue was beyond the ken of a jury); *Wilson v. Kroger Co.*, No. 18-CV-1417-TWT, 2019 U.S. Dist. LEXIS 85707, *7 (N.D. Ga. May 21, 2019) (consulting Georgia appellate cases to determine whether the plaintiffs' causation theory was "beyond the common knowledge and experience of a lay juror"); *Bruce v. Classic Carrier, Inc.*, No. 1:11-cv-01472-JEC, 2014 U.S. Dist. LEXIS 38697, *14–19 (N.D. Ga. March 24, 2014) (same).

That is so both for *Erie* reasons and common-sense reasons: the comprehension of lay jurors does not depend on whether they are summoned to the state or federal courthouse. For that matter, even if the Georgia cases did not control, TPI has given the Court no reason to reach a different outcome. Regardless of the courthouse, reasonableness is within the ken of the jury and is a matter for argument by counsel, not testimony by retained experts.

TPI protests that Plaintiffs have not identified a federal case where an expert offering opinions like Dr. Jacobs's was excluded because it was impermissible under Georgia law, but that observation cuts the other way: TPI has not identified a case holding that Georgia's bar on Dr. Jacobs's opinions does not apply in federal court, and it was TPI's burden to prove admissibility, not Plaintiffs' burden to disprove it. *Knepfle*, 48 F.4th at 1296.

In summary, because reasonableness and the standard of care are within the ken of the jury, Dr. Jacob's proffered expert opinions will not assist the jury and are inadmissible under Rule 702.

## II. TPI failed to prove that Dr. Jacobs's drive-by analysis was reliable.

The Court can also exclude Dr. Jacobs's opinions on reliability grounds. The heart of Dr. Jacobs's proffered testimony is his claim that, based largely

on his drive-by analysis, "TPI's security measures were adequate, reasonable, and consistent with the customs and practices of other apartment complexes in the area." [Doc. 100 at 12]. TPI failed to prove that Dr. Jacobs employed "the same level of intellectual rigor" he would use outside the courtroom. *Frazier*, 387 F.3d at 1260. In fact, Dr. Jacobs testified that he did not.

As Plaintiffs explained in their opening brief, Dr. Jacobs conceded that to actually perform a comparative analysis, he would "have to get the violent crime data for these other properties and do an assessment." [Doc. 66-29 at 132:17–133:2]. But he did not do so. Dr. Jacobs did not "perform any investigation of what the crime patterns are at the eight comparator properties." [*Id.* at 128:18–21]. He failed to perform this analysis even though he admitted that it would "[a]bsolutely not" be "reasonable for all of the companies that operate low-income housing in this part of Atlanta to just decide to have weak security practices." [*Id.* at 129:16–130:1].

Nor did Dr. Jacobs investigate what the security practices are at the supposed comparator properties at night in the summer of 2021, when the Diaz Family was attacked.

> Q. And in paragraph 39, you say, "None of the eight complexes had indicia of a continuous uniformed and/or armed security patrol." First of all, you have no information one way or the other whether those properties have armed guards at night, do you?

8

A. Not based on the signage, no.

Q. Not based on anything, right?

A. Correct. []

[*Id*. at 143:22–144:5]. Nor does Dr. Jacobs know about lighting conditions at those properties or whether the complexes that had gates shut them at night to limit access. [*Id*. at 143:7–19].

Moreover, TPI fails to demonstrate how it would help the jury, within the meaning of Rule 702, for Dr. Jacobs to offer a "custom" opinion that he admits does not take account the efficacy of the supposed custom. Dr. Jacobs testified that he is "not offering [an] opinion" about whether the supposed "custom and practice is adequate and reasonable to deter the risk of predatory violence." Jacobs Dep. 132:12–22. Testimony regarding a supposed "custom," divorced from whether that custom meaningfully protects tenants from crime, will not help the jury "understand the evidence or [] determine a fact in issue." Fed. R. Evid. 702.

TPI complains that Plaintiffs quote Dr. Jacobs's testimony out of context, but TPI fails to explain how he could have meant anything different from what he testified. And more broadly, TPI fails to cite any evidence that his drive-by comparison was a reliable scientific exercise. Generic references

in a brief to "peer review" will not do. At best, Dr. Jacobs's testimony is the kind of "*ipse dixit*," because-I-say-so opinion that *Daubert* prohibits. *Frazier*, 387 F.3d at 1261.

The Court should exclude Dr. Jacobs's drive-by "custom" opinion and the "reasonableness" and "standard of care" opinions that depend on it.

## III.    TPI cannot use Dr. Jacobs as a conduit for hearsay.

As Plaintiffs explained in their opening *Daubert* brief, Dr. Jacobs may be entitled to *rely* on hearsay pursuant to Rule 703, but he cannot be a conduit for giving that hearsay to the jury. Citing no legal authority, TPI argues that "expert witnesses regularly do just that— . . . opine on matters not personally experienced by them." [Doc. 100 at 14]. TPI's argument misunderstands federal expert rules. Expert witnesses may comment on matters they did not personally experience, and they may rely on inadmissible information to do so, provided the information is of a type on which "experts in the particular field would reasonably rely." Fed. R. Evid. 703.

But expert witnesses are not a workaround to the hearsay rules or a replacement for fact witnesses. If TPI wants to establish the facts of what happened at Seven Courts, TPI must do so through competent testimony by witnesses with personal knowledge who were there when things happened,

not testimony by an expert TPI retained after the fact for litigation. "[A] party cannot call an expert simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as a basis of his testimony." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013). "Rule 703 was not intended to abolish the hearsay rule and to allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion." *Factory Mut. Ins. Co. v. Alon USA L.P.*, 705 F.3d 518, 524 (5th Cir. 2013). If TPI wants to present Ms. Wynn's version of the supposed security measures at Seven Courts to the jury, TPI will have to call Ms. Wynn to do so.

TPI also errs by suggesting that it can give Dr. Jacobs's "[r]eport to the jury." [Doc. 100 at 11]. The purpose of a Rule 26 report is to describe the expert's opinions so that the adverse party has notice and can understand them and the Court can evaluate their reliability. But the report itself is not evidence that can go before the jury. Expert reports are "not [] admissible at trial" because they are "hearsay in its most pristine form." *Sommerfield v. City of Chicago*, 254 F.R.D. 317, 328 (N.D. Ill. 2008) (citing Fed. R. Evid. 801). "Application of the hearsay rule to expert reports is quite straightforward," because they are out-of-court statements offered for their truth, and routinely

excluded as such. *Reckley v. Cmty. Nursing, Inc.*, No. 19-119-M-KLD, 2021 U.S. Dist. LEXIS 163976, *3 (D. Mont. Aug. 30, 2021) (collecting cases).

The Court should preclude Dr. Jacobs from offering hearsay to the jury.

## IV. Dr. Jacobs should not be allowed to give new opinions that are not in his report.

TPI's brief seemingly tries to broaden Dr. Jacobs's opinions to include testimony on "whether TPI had superior knowledge and reasonable foreseeability of the incident in question." [Doc. 100 at 9]. But Dr. Jacobs was emphatic that he is "not giving a foreseeability opinion." [Doc. 66-29 at 149:13–22; 90:5–91:15; 94:1–4; 121:4–18; 122:2–8 (all emphasizing that, "I was not asked to offer a foreseeability opinion")]. TPI cannot have Dr. Jacobs offer an opinion at trial that he repeatedly testified he is not offering.

TPI also suggest that it may want Dr. Jacobs to offer a proximate cause or "prevention" opinion. [Doc. 100 at 6 ("Dr. Jacobs also opined that further security measures would not likely have prevented the attack on Plaintiffs.")]. But Dr. Jacobs's report does not clearly contain such an opinion, and any "prevention" opinion is just as flawed as the "custom" analysis on which it rests. Moreover, Georgia's Court of Appeals has rejected the argument that proximate cause requires expert testimony because "what amounts to proximate cause is undeniably a jury question and is always to be

determined on the facts of each case upon mixed considerations of logic, common sense, justice, policy, and precedent." *Six Flags over Georgia II L.P. v. Martin*, 335 Ga. App. 350, 362 (2015), *cert. denied on proximate cause*, 301 Ga. 323, 332 n.6 (2017). In other words, proximate cause in a negligent security case is within the ken of a lay jury.

The Court should preclude Dr. Jacobs from offering any such new opinions.

## V. TPI's other arguments are meritless.

TPI raises a variety of other complaints about Plaintiffs' *Daubert* motion, none of which is a basis for permitting Dr. Jacobs to offer the challenged opinions. *First*, TPI suggests Plaintiffs' *Daubert* motion is late— "just before midnight." [Doc. 100 at 14]. But Plaintiffs' motion was filed early. Under Local Rule 26.2, *Daubert* motions are due "no later than the date that the proposed pretrial order is submitted," which was May 26, 2023. N.D. Ga. L.R. 26.2(C). Plaintiffs filed their motion three weeks earlier on May 5, 2023. [Doc. 93].

*Second*, TPI complains of "prejudice" if the "status quo" is not "maintained." [Doc. 100 at 14–15]. But precluding expert testimony under *Daubert* is not prejudicial—it is exactly what Rule 702's "rigorous" test contemplates. *Frazier*, 387 F.3d at 1260. TPI had the burden to proffer

reliable expert testimony and prove that it was admissible by a preponderance of the evidence, and TPI failed to meet that burden with respect to the challenged opinions.

*Third*, there is no merit to TPI's argument that because Plaintiffs successfully opposed TPI's *Daubert* motion, Plaintiffs' *Daubert* motion should be denied. The parties' motions involve different experts, different proposed testimony, and different *Daubert* issues. They should have a different outcome.

## Conclusion

For the foregoing reasons, the Court should exclude Dr. Jacobs's "reasonableness" and "standard of care" opinions, exclude his "customs and practices" opinion, preclude him from offering hearsay to the jury, and preclude him from offering any new opinions on foreseeability or prevention.

Respectfully submitted this 30th day of May, 2023.

THE BLOCK FIRM LLC

*/s/ Aaron K. Block*
Aaron K. Block
Georgia Bar No. 508192
Andrea Perry Block
Georgia Bar No. 531027
Max Marks
Georgia Bar No. 477397
The Block Firm LLC

309 East Paces Ferry Road, Suite 400
404-997-8419
aaron@blockfirmllc.com
andrea@blockfirmllc.com
max.marks@blockfirmllc.com

*Counsel for Plaintiffs*

**CERTIFICATE OF TYPE STYLE AND SIZE**

I hereby certify that the style and size of type used in the foregoing document is Century Schoolbook 13 point.

*/s/ Aaron K. Block*
Aaron K. Block

**Certificate of Service**

I hereby certify that I served the foregoing on counsel of record by email this 30th day of May, 2023.

/s/ Aaron K. Block
Aaron K. Block