Attachment D

## ATTACHMENT D – DEFENDANT'S OUTLINE OF THE CASE

Plaintiffs Elsa Flores Diaz ("Sra. Diaz"), Edwin Medrano Caceres ("Sr. Caceres"), and their four children, E.M.F., V.M.F., B.M.F., and H.M.F., moved into Seven Courts Apartments in November 2019 to live after a horrific journey from Honduras and tragic explosion and fire at their previous apartment, which consumed all their possessions. Plaintiffs signed a lease with Seven Courts Partners, LP,[1] although Sr. Caceres and Sra. Diaz do not speak or understand English. Their minor children, E.M.F. and V.M.F., were tasked with translating the lease terms and notifications from apartment management for them.

While Plaintiffs were living at Seven Courts Apartments, the playground and other common areas closed on or around April or May, 2020 due to the coronavirus pandemic. TPI Management Services, LLC, the manager of Seven Courts Apartments, provided notice of the COVID protocols to all tenants, which lasted into 2022. Sr. Caceres and his children were known to frequently violate Seven Courts'

---

[1] Defendant The Partnership, Inc. ("TPI") is not the owner, property manager, or a general or limited partner of Seven Courts Apartments. Seven Courts Partners, LP owns Seven Courts apartment complex. Nonprofit Housing Preservation VI, LLC is the managing co-general partner of Seven Courts Partners, LP, and Fulton Seven Courts Partners LLC is a non-managing general partner of Seven Courts Partners, LP. CCL Seven Courts Associates LLC is a limited partner of Seven Courts Partners, LP, and Chartermac Corporate XXXII SLP LLC is a special limited partner of Seven Courts Partners, LP. Another separate entity, TPI Management Services, LLC, manages Seven Courts Apartments.

common space and loitering rules, especially while the COVID policies were in place. In enforcing these and other policies, however, none of the employees at Seven Courts Apartments discriminated against Plaintiffs on the basis of their race or national origin. Instead, Plaintiffs were confused as a result of their inability to communicate.

Seven Courts Apartments is located in a high-crime area of Atlanta. To ensure the safety of its tenants, TPI Management Services, LLC took dozens of reasonable security measures, including conducting criminal background checks on potential residents, conducting routine vacancy checks for squatters and drug dealings, and inspecting and repairing lighting throughout the complex. Additionally, the Atlanta Police Department periodically patrolled the surrounding area.

Despite Seven Courts' precautionary measures, on July 21, 2021, an unknown assailant allegedly robbed Plaintiffs armed with a gun. The alleged assailant targeted Mr. Caceres just outside the family's apartment door. Shortly after this incident, and despite numerous reassurances from employees of the premises, Plaintiffs decided to move out of their apartment at Seven Courts. To date, Plaintiffs have declined to seek medical or any other attention as a result of the subject incident.

## Legal Authorities

1. It is unlawful under the Fair Housing Act ("FHA") to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a

dwelling, or in the provision of services of facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin. 42 U.S.C. § 3604(b). Defendant denies any such allegation.

2. It is also unlawful to "coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise of enjoyment of, any right granted or protected by" the Fair Housing Act. 42 U.S.C. § 3617. Defendant denies any such allegation.

3. For a plaintiff to establish a violation of Section 3604 of the FHA, the plaintiff must prove that he or she would not have experienced less favorable treatment in housing but-for their status as a member of a protected class. *See Fox v. Gaines*, 4 F.4th 1293, 1296 (11th Cir. 2021). Defendant denies any such allegation.

4. Specifically, a plaintiff must demonstrate that (1) they are a member of a protected class; (2) they are entitled to enjoy the terms, conditions or privileges of a sale or rental; (3) the defendant interfered with the plaintiff's enjoyment of the terms, conditions, or privileges; and (4) the defendant did not interfere with other similarly situated tenants' terms, conditions, or privileges. *See Ford v. 1280 W. Condominium Ass'n Inc.*, No. 1:14-cv-00527-RWS, 2014 WL 4311275 (N.D. Ga. Sept. 2, 2014); *Sallion v. SunTrust Bank*,

87 F. Supp. 2d 1323, 1329 (N.D. Ga. 2000). Defendant denies any such allegation.

5. Section 3617 of the FHA requires (1) that the plaintiff is a member of a protected class; (2) that the plaintiff exercised or enjoyed a right protected by the FHA; (3) that the defendant interfered with the exercise or enjoyment of that right; and (4) that the defendant's interference was at least partially due to intentional discrimination. *Bagget v. Baird*, No. CIV.A.4:94-cv-0282, 1997 WL 151544, *37 (N.D. Ga. Feb. 18, 1997); *Sofarelli v. Pinellas Cty.*, 931 F.2d 718, 722 (11th Cir. 1991). Defendant denies any such allegation.

6. A landlord has a duty to "exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1.

7. Premises liability for a landlord in the context of a rental lease arises when a tenant can establish (1) a duty; (2) a breach of that duty by the landlord; (3) damages suffered by the tenant; and (3) causation. *Pappas Restaurants, Inc. v. Welch*, 362 Ga. App. 152, 159; 867 S.E.2d 155 (2021). Defendant denies any such allegation.

8. Under Georgia law, criminal activity by a third party generally cuts off a landowner's liability for negligence unless the criminal activity was reasonably foreseeable. *Pappas Restaurants, Inc.*, 362 Ga. App. at 160.

9. Reasonable foreseeability comes down to two elements: (1) actual knowledge of substantial similar prior crimes; and (2) the landlord's actual knowledge of a propensity for substantially similar crime. *Cleveland v. Team RTR2, LLC*, 359 Ga. App. 106-07; 854 S.E.2d 756 (Ga. Ct. App. 2021); *Bolton v. Golden Bus., Inc.*, 348 Ga. App. 761, 761-62; 823 S.E.2d 371 (2019).

10. Both elements of reasonable foreseeability require more than a generalized risk of harm due to existing in a high-crime area. *See Bolton*, 348 Ga. App. at 762-64 *ABH Corp. v. Montgomery*, 356 Ga. App. 703, 704-05; 849 S.E.2d 30 (2020); *Shadow v. Federal Express Corp.*, 359 Ga. App. 772, 776-80; 860 S.E.2d 87 (2021).

11. A court may award punitive damages only in certain circumstances where "it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). Defendant denies any such allegation.

12. "Negligence, even gross negligence is inadequate to support a punitive damage award." *Coker v. Culter*, 208 Ga. App. 651, 652; 431 S.E.2d 443 (1993); *see also Hulsey v. Travelers Indemnity Co. of America*, 460 F. Supp. 2d 1332, 1337 (N.D. Ga. 2006). Defendant denies any such allegation.

13. When there are multiple possible causes for a plaintiff's damages, alternative explanations must be "systematically and scientifically rul[ed] out . . . until a final, suspected cause remains." *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1342 (11th Cir. 2020); *see also Hendrix ex rel. G.P. v. Evenflo Co., Inc.*, 609 F.3d 1183, 1197 (11th Cir. 2020); *Cooper v. Marten Transport, Ltd.*, 539 Fed. App'x 963, 966 (11th Cir. 2013).

14. Punitive damages are derivative in nature and cannot be awarded in the absence of an underlying claim. *See Village of Cascade Homeowners Ass'n, Inc. v. Edwards*, 363 Ga. App. 307; 870 S.E.2d 899 (2022) (FHA claims); *Nelson v. Glynn-Brunswick Hosp. Auth.*, 257 Ga. App. 571; 571 S.E.2d 557 (2002) (premises liability claims).

**Affirmative Defenses**

1. The Partnership, Inc., is not the owner or manager of Seven Courts Apartments.

2. Defendant denies it, or Seven Courts Partners, LP or TPI Management Services, LLC, is culpable of any negligence or carelessness which was the proximate or direct cause of the alleged damages or injuries sustained by Plaintiffs.

3. At no time material, did Defendant, or Seven Courts Partners, LP or TPI Management Services, LLC, have knowledge, actual or constructive, of any

dangerous condition or situation, as described in Plaintiffs' Complaint, existing on or about the premises.

4. Any negligence found to be attributable to Defendant, Seven Courts Partners, LP or TPI Management Services, LLC, which negligence is denied herein, is offset by the greater comparative and/or contributory negligence on the part of Plaintiffs or of other third person(s) or entity(ies), both named and unnamed.

5. It is denied that Plaintiffs' alleged injuries or damages are causally related to the incident more particularly described in Plaintiffs' Complaint.

6. Defendant, and Seven Courts Partners, LP and TPI Management Services, LLC, breached no duty which may have been owed to Plaintiffs.

7. Plaintiffs failed to mitigate their alleged damages and/or injuries, the same being specifically denied.

8. The incident described in Plaintiffs' Complaint was not the foreseeable result of any act or omission on the part of Defendant, or Seven Courts Partners, LP or TPI Management Services, LLC.

9. At all times material hereto, Defendant, or Seven Courts Partners, LP or TPI Management Services, LLC, reasonably and properly inspected the subject premises.

10. At all times material hereto, Defendant, or Seven Courts Partners, LP or TPI Management Services, LLC reasonably and properly maintained the premises.

11. At no time material did Defendant, or Seven Courts Partners, LP or TPI Management Services, LLC, have any duty to warn Plaintiffs of any dangerous condition or situation as alleged in Plaintiffs' Complaint.

12. At all material times hereto, Defendant, and Seven Courts Partners, LP and TPI Management Services, LLC, acted reasonably and appropriately under the circumstances.

13. Plaintiffs may not recover on the claims pled in the Complaint because all or part of the damages sought, said damages being expressly denied, are too speculative and remote.

14. At all times material hereto, Defendant, and Seven Courts Partners, LP and TPI Management Services, LLC, and its employees employed reasonable and proper policies and procedures regarding safety.

15. Defendant, and Seven Courts Partners, LP and TPI Management Services, LLC believes and therefore avers that any alleged negligent act or omission by Defendant, or Seven Courts Partners, LP or TPI Management Services, LLC, said negligence being denied, was not the proximate cause of Plaintiffs' injuries.

16. At all relevant times hereto, Defendant, and Seven Courts Partners, LP and TPI Management Services, LLC, acted with all due care and complied with all requirements, applicable laws, rules and/or guidelines and this constitutes a complete defense to this cause of action.

Respectfully submitted this 7th day of June, 2023.

*/s/ Jeffrey W. Melcher*
DICKINSON WRIGHT PLLC
Jeffrey W. Melcher
Georgia Bar No. 501180
424 Church Street, Ste. 800
Nashville, TN 37219
(615) 244-6538
jmelcher@dickinsonwright.com

FREEMAN MATHIS & GARY, LLP
Elissa B. Haynes
Georgia Bar No. 804466
P. Michael Freed
Georgia Bar No. 061128
100 Galleria Parkway, Ste. 1600
Atlanta, GA 30339
(770) 818-0000
elissa.haynes@fmglaw.com
michael.freed@fmglaw.com

*Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), undersigned counsel certifies that the foregoing was prepared in Times New Roman, 14 point font, in compliance with Local Rule 5.1(C).

*/s/ Jeffrey W. Melcher*
Georgia Bar No. 501180
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 7th day of June, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

By: */s/ Jeffrey W. Melcher*
Georgia Bar No. 501180