UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ELSA FLORES DIAZ and EDWIN, | ) | |
| MEDRANO CACERES, for themselves | ) | |
| And on behalf of their minor children | ) | |
| E.M.F., V.M.F., B.M.F., and H.M.F., | ) | CIVIL ACTION |
| | ) | FILE NO.: 1:21-cv-03661-ELR |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE PARTNERSHIP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT THE PARTNERSHIP, INC.'S MOTION IN LIMINE TO EXCLUDE LAY TESTIMONY REGARDING THE SUFFICIENCY OF SECURITY MEASURES AT THE SEVEN COURTS APARTMENTS AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW, Defendant The Partnership, Inc. ("TPI" or "Defendant"), and moves this Court under Fed. R. Evid. 701 for an entry of an order precluding Plaintiffs from introducing lay witnesses to testify regarding the sufficiency of the security measures at the Seven Courts Apartments at trial.

## INTRODUCTION

This negligent security case[1] arises out of an alleged "violent home invasion, battery, and robbery" at Plaintiffs' apartment at Seven Courts

---

[1] In addition to Plaintiffs' premises liability/negligent security claim, Plaintiffs have brought a claim for TPI's alleged violation of the Fair Housing Act. (Doc. 1 at 16.) This motion, however, relates only to Plaintiffs' premises liability claim.

Apartments at 2800 Martin Luther King Drive, Atlanta, Georgia. (Doc. 1 at 11, ¶¶ 1, 18.) At approximately 10:00 PM on July 22, 2021, Plaintiffs allege that as they were walking from their mailbox back into their apartment, an unknown man in a ski mask approached them from behind with a gun, right before they entered their door, forced them inside, pushed Mr. and Mrs. Diaz to the ground, and demanded their money while the children hid in a closet. (*Id.* at 11-12, ¶¶ 18-19.)

Plaintiffs seek to hold TPI, Inc. (who Plaintiffs incorrectly contend was the owner or property manager of the complex at the time) liable for the criminal acts of a third-party assailant over whom TPI, Inc. had no control and whose intentional acts TPI, Inc. could neither predict nor control. Specifically, Plaintiffs allege that TPI, Inc. is liable under O.C.G.A. § 51-3-1 for failing to exercise ordinary care in keeping the premises safe and for "willfully refus[ing] to implement basic security measures to prevent further violence." (*Id.* at 16-17, ¶¶ 35-36.)

Seven Courts Apartments is admittedly located in a "high-crime neighborhood." (Doc. 92 at 3). And Plaintiffs were aware of the neighborhood as prior to moving into Seven Courts, they lived at the Abby Ridge apartments which, like Seven Courts, was on Martin Luther King Junior

Drive in Atlanta, a mere 0.7 miles from Seven Courts.[2] While living at Abby Ridge, Plaintiffs likewise witnessed "a lot" of drug activity, fights, and police routinely visiting the premises. (Doc. 51-3 at 34:11 – 35:6). To assess the security measures employed at Seven Courts Apartments, TPI, Inc. hired renowned security expert Dr. Bruce Jacobs. As part of Dr. Jacobs' security assessment, he reviewed case file materials, discovery, written discovery, interviewed the staff at Seven Courts, and studied the security measures in place at Seven Courts and the surrounding area. But criminology is a difficult subject to study – a field where there are few clear, easy answers. (Doc. 52-1 at 68:5-10).

Dr. Jacobs is a tenured Professor of Criminology at the University of Texas at Dallas with nearly 30 years of experience as a professional criminologist (Doc. 93-1 at p. 1; *see also* Doc. 100-1, at p. 1-2). Dr. Jacobs has analyzed thousands of crimes all over the country, conducted extensive fieldwork with police departments, secured a plethora of grant funds from agencies and organizations nationwide, conducted hundreds of security assessments and surveys of crime prevention measures, developed and taught courses at the undergraduate and Ph.D. levels related to criminology, conducted peer reviews for the leading criminology journal in the world, and

---

[2]    https://www.abbyridge.com/;
https://www.sevencourtsapartments.com/mapsanddirections

has been retained as a criminologist and security expert for over 1,500 cases for both plaintiffs and defendants. (Doc. 93-1, at p. 1-3; Doc. 100-1, at p. 1, 15-29).

After conducting a thorough security assessment, Dr. Jacobs concluded, "Seven Courts Apartments took numerous and substantive measures to create an adequate and reasonable crime prevention posture." (Doc. 93-1, at p. 5). To reach this conclusion, Dr. Jacobs stated that he used "content analysis, triangulation, and analytic induction," three widely used, peer-reviewed, reliable, and reproducible techniques used in criminology. (*Id.* at pp. 4-5). Dr. Jacobs further asserted that the security measures were "consistent with established practices in Crime Prevention Through Environmental Design (CPTED) and Situational Crime Prevention (SCP), which are two other peer-reviewed, scientific approaches endorsed and/or recommended by police organizations throughout the country. (*Id.* at p. 6). The security measures TPI, Inc. took to protect the residents at Seven Courts Apartments cannot be assessed through lay testimony, without substantial prejudice and confusion. This field requires expertise and training—as Dr. Jacobs has demonstrated—to opine on such issues.

Whether TPI, Inc. took adequate security measures to protect the residents of Seven Courts Apartments gets to the heart of both TPI, Inc.'s

duty and alleged breach of same. Lay testimony regarding the sufficiency of TPI, Inc.'s security measures should be excluded.

## ARGUMENT AND CITATION TO AUTHORITY

Federal Rule of Evidence 701 limits the opinion testimony a lay witness may give. Under that rule, a lay witness's opinion testimony must meet each of the following criteria: it must be "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The Eleventh Circuit has emphasized the importance of a trial court's role in distinguishing between lay and expert testimony. *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1317 (11th Cir. 2011). "[A]rriving at an appropriate conclusion requires that trial courts be vigilant in ensuring that the reliability requirements set forth in Rule 702 not be evaded through the simple expedient of proffering an expert in lay witness clothing." *Id.* (internal quotations omitted).[3]

---

[3]    "Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702. *See generally Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190 (3d Cir. 1995). By channeling testimony that is

Plaintiffs must prove the elements of duty, breach, and causation to prevail on their premises liability claim. *Georgia CVS Pharmacy, LLC v. Carmichael*, --S.E.2d--, No. S22G0527, 2023 WL 4247591, at *3 (Ga. June 29, 2023). Whether the security measures the Seven Courts Apartments enacted were adequate bears on the breach and causation elements. *Id.* at *4. And this inquiry cannot rely on lay testimony, generalized crime statistics lacking a clear connection to the premises in question, or the simple matter of the property being located in a high-crime area. *See id.* at *7 n.9, n.11. As the Georgia Supreme Court recently noted about the importance of security measures to the question of breach:

> If the trier of fact deems the proprietor's security measures reasonable in light of the circumstances, or if the plaintiff fails to present evidence that the security precautions employed to protect against the particular foreseeable risk of harm violated the applicable standard of care, then there was no breach of duty, and there can be no finding of negligence.

*Id.* at *4.

Throughout their depositions, Plaintiffs sought to offer lay opinion testimony regarding the sufficiency of security measures at the Seven Courts Apartments. While Plaintiffs can testify about their

---

actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed.R.Civ.P. 26 and Fed.R.Crim.P. 16 by simply calling an expert witness in the guise of a layperson." Fed. R. Evid. 701 Advisory Committee Notes to the 2000 Amendments.

personal observations, such as whether they observed security

personnel patrolling the premises, their testimony went far beyond

such personal observations. For example, Mr. Caceres testified that

Seven Courts "should have had more cameras" and should be held

liable "for letting any type of people get in there." (Doc. 51-3 at 65:1-

11[4]). Similarly, Mrs. Diaz testified that TPI, Inc. should have "put stops

at the very entrance[,]" "have lights all around[,]" and "have at least

two or three people in charge of the buildings day and night." (Doc. 51-2

at 92:6-13). This testimony should not be admitted at trial.

Plaintiffs have not disclosed any witness qualified under Fed. Rule.

Evid. 702 to testify about whether the security at the Seven Courts

Apartments was adequate. (Doc. 113-6). To allow lay witnesses to opine on

that issue to counter the detailed report and testimony of Dr. Jacobs, who is a

world-renowned criminologist and scholar and spent decades accruing his

knowledge, experience and expertise, would decidedly tilt the scales. Dr.

Jacobs's testimony will assist the jury, but it is up to the jury—not lay

witnesses—to determine the reasonableness of the security measures taken

by Seven Courts Apartments. *See Hirst v. Inverness Hotel Corp.*, 544 F.3d

---

[4]    Defendant's citations to deposition testimony refers to the electronically filed docket page number, as opposed to the actual deposition transcript page number.

7

221, 226 (3d Cir. 2008) ("[S]eldom will be the case when a lay opinion on an ultimate issue will meet the test of being helpful to the trier of fact since the jury's opinion is as good as the witness' and the witness turns into little more than an 'oath helper.'") ((citing *Mitroff v. Xomox Corp.,* 797 F.2d 271, 276 (6th Cir.1986)). The centrality of this question to this action cannot be understated, and therefore lay testimony on security measures must not be allowed.

## **CONCLUSION**

For the foregoing reasons, Defendant TPI, Inc. respectfully requests that this Court grant its Motion and preclude Plaintiffs from introducing lay witness testimony regarding the sufficiency of Seven Courts Apartments' security measures at trial.

Respectfully submitted this 20th day of July, 2023.

[*Signatures on following page*]

/s/ Elissa B. Haynes
Elissa B. Haynes
Georgia Bar No. 804466
P. Michael Freed
Georgia Bar No. 061128
*Counsel for Defendant*


**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
Elissa.haynes@fmglaw.com
Michael.freed@fmglaw.com

/s/ Jeffrey W. Melcher
Jeffrey W. Melcher
Georgia Bar No. 501180
*Counsel for Defendant*


**DICKINSON WRIGHT PLLC**
424 Church Street, Ste. 800
Nashville, TN 37219
(615) 244-6538 (telephone)
jmelcher@dickinsonwright.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the court in Local Rule 5.1C. This pleading has been prepared in Century Schoolbook font, 13-point.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this 20TH day of July, 2023, served a true and correct copy of the foregoing upon all parties via the U.S. District Court CM/EMF electronic filing and notification system as follows:

Aaron K. Block
Andrea Perry Block
Max Marks
**The Block Firm, LLC**
309 East Paces Ferry Road, Suite 400
Atlanta, GA  30305
aaron@blockfirmllc.com
andrea@blockfirmllc.com
max.marks@blockfirmllc.com
*Counsel for Plaintiffs*

*/s/ Elissa B. Haynes*
Elissa B. Haynes
Georgia Bar No. 804466
P. Michael Freed
Georgia Bar No. 061128
*Counsel for Defendant*

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
Elissa.haynes@fmglaw.com
Michael.freed@fmglaw.com