## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ELSA FLORES DIAZ and<br>EDWIN MEDRANO CACERES,<br>for themselves and on behalf<br>of their minor children<br>E.M.F., V.M.F., B.M.F., and<br>H.M.F., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 1:21-cv-03661-ELR<br>Jury Trial Demanded |
| THE PARTNERSHIP, INC. | ) ) | |
| Defendant. | ) | |

---

### Discovery Statement
### Regarding TPI's Undisclosed Insurance Policies

---

Plaintiffs submit this statement pursuant to the Court's Instructions, following multiple unanswered requests for a telephone meet and confer with TPI. This statement addresses TPI's late disclosure to Plaintiffs of two additional insurance policies after TPI repeatedly represented it had produced the only potentially applicable policy. Plaintiffs seek to compel documents and information related to these late disclosures and may ask the Court to impose Rule 37(c) sanctions after the requested discovery.

## I.    Plaintiffs' Position: TPI intentionally violated its disclosure obligations and made false representations to Plaintiffs regarding TPI's insurance coverage.

The federal rules required TPI to produce "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment" to Plaintiffs by November 1, 2022. Fed. R. Civ. P. 26(a)(1)(A)(iv); [*see also* Doc. 12 at Attachment E (TPI's Nov. 1, 2022, Initial Disclosures identifying "its Commercial Liability Policy")]. The next week, TPI produced a single insuance policy: a general liability policy from the HAI Group (the "HAI Policy").

Throughout discovery, Plaintiffs repeatedly asked—both orally and in writing—for TPI to identify any other insurance policies that may cover Plaintiffs' claims, particularly given that TPI's corporate documents relating to Seven Courts specifically required TPI to carry additional insurance. For example, in response to a March 10, 2022, request, counsel for TPI stated that "we are looking at insurance policies actually and will bear this request in mind as well." Nevertheless, throughout months of meet and confers, TPI consistently represented that the HAI Policy was the only applicable policy.

On June 19, 2023—nearly two years after its disclosure deadline—TPI disclosed two additional policy declaration pages to Plaintiffs: (1) an excess

liability policy from Ascot  (the "Ascot Policy") and (2) a professional liability policy from The Hanover (the "Hanover Policy"). TPI did not produce the policies themselves, which Rule 26 requires. TPI indicated that Ascot may have disclaimed coverage due to late notice and that the Hanover Policy was not likely to cover Plaintiffs' claims.

TPI waited to disclose these policies until after Plaintiffs had made a Court-ordered, pre-mediation settlement demand in good faith based on TPI's representations about TPI's insurance coverage. [*See* Doc. 110 (requiring the parties "to negotiate and make a good faith effort to settle the case without the involvement of the Court" before mediation, with "[s]pecific proposals and counter proposals")].

Plaintiffs have now learned from The Hanover—not TPI—that TPI gave The Hanover notice of Plaintiffs' claims when Plaintiffs filed their Complaint, and the Hanover Policy (produced by The Hanover, not TPI) specifically covers Fair Housing Act claims. Plaintiffs have also now learned from Ascot—not TPI—that TPI was in communication with Ascot about Plaintiffs' claims no later than May 15, 2023 (more than a month before TPI disclosed the Ascot policy to Plaintiffs). TPI has ignored multiple requests for a substantive explanation for the inaccurate representations and delayed disclosures.

Plaintiffs respectfully ask the Court to order TPI to (1) provide a written certification detailing the facts with respect to TPI's failure to disclose and false statements; and (2) produce all documents substantiating the certification and reflecting TPI's notices to its insurers and coverage status, the inaccurate representations, and the delayed disclosures, so that Plaintiffs can piece together what happened and understand TPI's complete insurance coverage. To the extent portions of any such documents are subject to claims of privilege or work product, TPI should produce a detailed privilege log. Fed. R. Civ. P. 26(b)(5)(A).

Because the parties are scheduled for an August 3, 2023, mediation and TPI's insurance coverage bears on settlement discussions, Plaintiffs ask the Court to order TPI to comply by the end of this week, July 28, 2023.

Finally, Plaintiffs believe that TPI's conduct may warrant sanctions. *See* Fed. R. Civ. P. 37(c)(1) (authorizing the Court to impose sanctions "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e)"); *see also*, *e.g.*, *Rhodes v. Davis*, 425 Fed. Appx. 804, 807 (11th Cir. 2011) ("[T]he district court was entitled to sanction [defendant] for withholding information about its insurance policy."). Without more information, though, Plaintiffs find it difficult to propose appropriately calibrated sanctions for the Court's consideration.

## II.    Defendant's Response

TPI declined to provide a response for Plaintiffs to include with this statement.

***

Respectfully submitted this 24th day of July, 2023.

**THE BLOCK FIRM LLC**

*/s/ Aaron K. Block*
Aaron K. Block
Georgia Bar No. 508192
Andrea Perry Block
Georgia Bar No. 531027
Max Marks
Georgia Bar No. 477397
The Block Firm LLC
309 East Paces Ferry Road, Suite 400
404-997-8419
aaron@blockfirmllc.com
andrea@blockfirmllc.com
max.marks@blockfirmllc.com

*Counsel for Plaintiffs*

## CERTIFICATE OF TYPE SIZE AND STYLE

The size and style of type used in the foregoing document is 14-point Century Schoolbook.

*/s/ Aaron K. Block*
Aaron K. Block

**CERTIFICATE OF SERVICE**

I certify that I served the foregoing document via the Court's CM/ECF system this 24th day of July, 2023.

*/s/ Aaron K. Block*