IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ELSA FLORES DIAZ and EDWIN MEDRANO CACERES, for themselves and on behalf of their minor children E.M.F., V.M.F., B.MF., and H.M.F., <br><br> Plaintiffs, <br><br> vs. <br><br> THE PARTNERSHIP, INC. <br><br> Defendant. | No. 21-cv-03661 <br> Jury Trial Demanded |

**Plaintiffs' Response to TPI's Motion in Limine to Exclude Lay Testimony Regarding the Sufficiency of Security Measures at Seven Courts Apartments**

TPI challenges testimony that Plaintiffs do not intend to offer at trial in its Motion in Limine to Exclude Lay Testimony ("Motion"). [Doc. 132]. TPI asserts that "Plaintiffs sought to offer lay opinion testimony regarding the sufficiency of security measures at the Seven Courts Apartments," *id.* at 6, and TPI asks the Court to "preclude Plaintiffs from introducing lay witness testimony regarding the sufficiency of Seven Courts Apartments' security measures at trial," *id.* at 8. But the "opinion" testimony Plaintiffs gave was

elicited by TPI's counsel, and Plaintiffs intend to testify about facts—not their opinions—at trial. It will then be up to the jury to form its opinion, based on the evidence, about whether Plaintiffs met their burden of proof.[1]

Counsel for Plaintiffs has already informed TPI that Plaintiffs do not intend to offer opinion testimony. On July 25, 2023—a few days after TPI filed its Motion—Plaintiffs offered the following stipulation:

> For purposes of the trial of this matter, the parties hereby stipulate as follows. In order to resolve TPI's Motion in Limine to Exclude Lay Testimony Regarding the Sufficiency of Security Measures at the Seven Courts Apartments [Doc. 132], counsel for Plaintiffs agree that they will not solicit opinion testimony from Plaintiffs regarding the sufficiency of Seven Courts Apartments' security measures. In exchange, counsel for Defendant agrees to withdraw the motion, and the parties may advise the Court of the withdrawal. This stipulation does not preclude Plaintiffs from soliciting otherwise admissible fact testimony, based on Plaintiffs' personal observations, about the existence or not of security conditions, such as the presence or absence of working lighting or security guards.

TPI has not yet taken a final position regarding Plaintiffs' proposal, and Plaintiffs remain willing to work with TPI on an appropriate stipulation.

---

[1] TPI repeatedly suggests in its Motion that expert opinion testimony is required on security-related issues. As set out in Plaintiffs' pending *Daubert* brief, expert opinion testimony is not even *allowed*, much less *required*, with respect to issues like reasonableness, foreseeability, and the standard of care. [Doc. 93 at 9–11 (discussing authority); Doc. 104 at 3–7 (same)]. Briefing on that motion is complete, though TPI has moved for an opposed sur-reply. [Docs. 107, 111, and 117]. Regardless, Plaintiffs will not rehash their expert-related arguments here.

To be sure, Plaintiffs' counsel intends to elicit fact testimony from Plaintiffs about their personal observations as to which security measures were and were not present at Seven Courts. Counsel also intends to elicit testimony regarding Plaintiffs' expectations given TPI's representations. And Plaintiffs intend to elicit testimony from TPI and its security guards about the on-the-ground situation, the security guards' recommendations to TPI, their reasons for those recommendations, and TPI's reasons for not following them. But the sort of lay opinion testimony TPI's motion challenges, whether admissible or not, is simply not something Plaintiffs intend to elicit.

For the foregoing reasons, Plaintiffs respectfully suggest that the Court deny TPI's Motion without prejudice to raise any objections to testimony by Plaintiffs, if any, that TPI believes fall within its Motion's scope at trial.

Respectfully submitted this 2nd day of August, 2023.

                                                **THE BLOCK FIRM LLC**

                                                */s/ Aaron K. Block*
Aaron K. Block
Georgia Bar No. 508192
Andrea Perry Block
Georgia Bar No. 531027
Max Marks
Georgia Bar No. 477397
The Block Firm LLC
309 East Paces Ferry Road, Suite 400
404-997-8419

3

aaron@blockfirmllc.com
andrea@blockfirmllc.com
max.marks@blockfirmllc.com

*Counsel for Plaintiffs*

## CERTIFICATE OF TYPE STYLE AND SIZE

I hereby certify that the style and size of type used in the foregoing document is Century Schoolbook 13 point.

<u>*/s/ Aaron K. Block*</u>
Aaron K. Block

## Certificate of Service

I hereby certify that I served the foregoing on counsel of record by email this 2nd day of August, 2023.

>*/s/ Aaron K. Block*
>Aaron K. Block