IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ELSA FLORES DIAZ and EDWIN MERDRANO CACERES, for themselves And on behalf of their minor children E.M.F., V.M.F., B.M.F., and H.M.F.,<br><br>    Plaintiffs,<br><br>  v.<br><br>THE PARTNERSHIP, INC.,<br><br>    Defendant. | Case. No. 1:21-cv-03661-ELR |

**<u>DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTIONS IN LIMINE</u>**

## INTRODUCTION

Plaintiffs' own evidence shows that The Partnership, Inc. ("TPI") neither owned nor managed the Seven Courts Apartments when they lived there. Yet they urge the Court to bar TPI from explaining this fundamental fact to the jury. Their arguments fall flat for three reasons.

First, TPI has not waived any "improper party defense." Under well-established Eleventh Circuit law, it preserved the defense by raising it in the pretrial order, which supersedes the pleadings. Second, even if it waived that affirmative defense, Plaintiffs still bear the burden of proving that TPI owned or managed the property during the relevant time. TPI may present evidence undermining that element of their claims. Third, the evidence Plaintiffs point to in support of their contention that TPI did own or manage the party goes to a disputed issue the jury must decide; it is not grounds for preventing TPI from presenting evidence to the contrary.

For these reasons, the Court should deny Plaintiffs' motion in limine seeking to bar TPI from arguing it is an improper party.[1]

---

[1] TPI is not contesting Plaintiffs' motion in limine regarding evidence that they were bad tenants.

1

# ARGUMENT

**I.  TPI preserved its improper party defense by asserting it in the pretrial order.**

Plaintiffs view the general rule that a defendant waives an affirmative defense not raised in its answer as ironclad and incapable of being overcome by raising the defense later in a case. It is not.

The Eleventh Circuit has repeatedly recognized that a defendant can satisfy Rule 8(c)'s notice requirement by asserting affirmative defenses "by some means other than the pleadings." *See Grant v. Preferred Rsch., Inc.*, 885 F.2d 795, 797 (11th Cir. 1989). Accordingly, a defendant preserves a defense by raising it in the pretrial order, even if it omitted the defense in its answer. *See, e.g.*, *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1077 (11th Cir. 2003) ("[I]ssues not raised in the pleadings may be treated as if they were properly raised when they are . . . included in a pretrial order."); *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 763 (11th Cir. 1995) ("[I]f a party omits the defense of statute of limitations in the answer, the defense is not waived if the litigant includes it in the pretrial order."); *Pulliam v. Tallapoosa County. Jail*, 185 F.3d 1182, 1185 (11th Cir. 1999) (accepting that defendant's assertion of an affirmative defense in the pretrial order provided the plaintiff sufficient notice); *Williams v. City of Albany*, 936 F.2d 1256, 1259 (11th Cir. 1991)

(holding that defendant sufficiently preserved a qualified immunity defense raised for the first time in the pretrial order.).

Plaintiffs acknowledge in their motion that TPI asserted that it is an improper party in its portion of the pretrial order.[2] (Doc. 113 at 2.) Binding precedent, therefore, defeats their waiver argument.[3]

Plaintiffs remaining waiver arguments also fail. First, Plaintiff criticizes TPI for not moving to amend its answer to assert the improper party defense. (Plaintiffs' Motion at 7.) But, of course, the pretrial order supersedes the pleadings. *State Treasurer of State of Michigan v. Barry*, 168 F.3d 8, 9 (11th Cir. 1999). So TPI's assertion of the defense in the pretrial order rendered any amendment to its answer unnecessary.

Plaintiffs also assert that TPI's prior statements amount to a waiver of its improper party defense. (Plaintiffs' Motion at 7-8.) They cite no authority for that proposition. In any event, Plaintiffs may highlight TPI's prior statements to the jury to the extent allowable by the Rules of Evidence. The jury can then resolve the issue.

---

[2] TPI first raised the issue in a court filing in its reply brief in support of its motion for summary judgment on November 23, 2022, (Doc. 71, at 2), over seven months before filing the pretrial order, and nearly a year before this case is scheduled to be tried.

[3] None of the cases Plaintiffs rely upon hold otherwise because they do not address the effect of a defendant raising a defense in the pretrial order.

3

But TPI's previous inconsistent statements do not amount to a waiver that prevents it from raising the improper party defense at trial.

As part of that argument, Plaintiff points to TPI's Initial Disclosures, where it admitted that it was *identified* correctly. (Plaintiff's Motion at 8; Doc 14 at 1.) But an entity being correctly identified differs from it being a proper defendant. This Court's initial disclosure form reveals this distinction. It requires a defendant to provide its "correct identification" if it contends it was not properly identified in the complaint. In other words, it is intended to alert the plaintiff to a misnomer in the defendant's name. *C.f.*, *Carter v. CACH, LLC*, No. 1:14-CV-2786-MHC-JKL, 2016 WL 11581052, at *4 (N.D. Ga. Nov. 30, 2016) (discussing a defendant's failure to identify a misnomer in its name in its initial disclosures). As a result, TPI's statement that it was not "improperly identified" was not an admission that it is a proper party.[4]

In sum, TPI has properly preserved its defense that it is not a proper party because it did not own or manage the Seven Courts Apartments. The Court, thus, should deny Plaintiffs' motion.

---

[4] Out of an abundance of caution, however, TPI has amended its Initial Disclosures to clarify that it is not a property party even if it was properly identified. (Doc. 139.)

4

## II. In any event, Plaintiffs bear the burden of proving that TPI owned or managed the property, and TPI can present evidence that undermines that element of their claims.

Setting aside the "improper party defense," TPI has a right to show evidence attacking the elements of Plaintiffs' claims. An affirmative difference is distinct from a defense that negates a plaintiff's prima facie case. *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1348–49 (11th Cir. 1988); *Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1224 (11th Cir. 2010). Plaintiffs' cries of waiver do not apply to the latter.

Plaintiffs built their case on the threshold allegation that TPI owned and operated the Seven Courts Apartments while they resided there. (Doc. 113-3 at 2.) Their premises liability claim hinges on proving that TPI owed them a duty to keep the premise safe as the "*owner or occupier*" of the complex. *See* O.C.G.A. § 51-3-1 (emphasis added); § 1:1. Premises liability generally, Ga. Premises Liability § 1:1 ("Premises liability is a broad term encompassing the ways in which one who owns or controls a 'premises' may be held liable by virtue of that ownership or control."). Similarly, liability under the Fair Housing Act rests on "discrimination in the sale or rental of housing." 42 U.S.C. § 3603(a); 42 U.S.C. § 3604(b) ("[I]t shall be unlawful . . . [t]o discriminate against any person in the terms, conditions, or privileges of *sale or rental of a dwelling*, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.")

5

(emphasis added). TPI is entitled to present evidence showing that Plaintiffs cannot establish this prima facie element of their claims.

Seven Courts Partners, LP owns the property where the Seven Courts Apartments is located. Plaintiff acknowledges that in their complaint. (Doc. 1, ¶9) ("TPI appears to own or operate the Seven Courts Apartments through an affiliated company, Seven Courts Partners, L.P., which is listed as the complex's 'owner' on the lease agreement.") At least two anticipated trial exhibits also show this to be true. The first is the Management Agreement between Seven Courts Partners, LP and TPI. (Attached here as Exhibit A.) That agreement identifies Seven Courts Partners, LP as the "Owner" of the property. (Exhibit A at 1.) Plaintiffs included this document in their Exhibit List. (Doc. 113-8 at 2, No. 5.)

The second is the Plaintiffs' lease agreement. The first page of the lease lists Seven Courts Partners, LP as the "owner." (Attached here as Exhibit B.) The Plaintiffs also included this document in their Exhibit List. (Doc. 113-8 at 8, No. 96); (*see also* Doc. 1, ¶9) (conceding that Seven Courts Partners, L.P. is identified as the owner on Plaintiffs' lease agreement.)

In the same vein, the documents establish that TPI did not manage the property during the Plaintiffs' residency there. TPI *used to* manage the property. (*See* Management Agreement.) But it stopped doing so in 2019 before the Plaintiff's

6

moved into their apartment: TPI assigned its rights and obligations under the Management Agreement to TPI Management Services, LLC in a September 2019 Assignment and Assumption Agreement. (Attached as Exhibit C.) That entity has managed the Seven Courts Apartments ever since. Plaintiffs included the Assignment and Assumption Agreement in the Exhibit List. (Doc. 113-8 at 2, No. 6.)

These documents contradict the Plaintiffs' claim that TPI owned and managed the property during the relevant time. Despite listing each as potential exhibits, they seek to preclude TPI from discussing their contents at trial. TPI has not waived the right to do so because attacking Plaintiffs' prima facie case is distinct from a waivable affirmative defense.

**III.     Plaintiffs may present their conflicting evidence at trial and allow the jury to decide whether they have satisfied their burden of proof.**

Ignoring the documents discussed above, Plaintiffs paint TPI's position as "border[ing] on the frivolous" based on evidence they contend establishes TPI's ownership or management of the property. (Plaintiffs' Motion at 2, 9-12.) They are essentially asking this Court to resolve an evidentiary dispute on a motion in limine. Plaintiffs, of course, may present admissible evidence at trial to support their position. But the ultimate issue of whether TPI owned or managed the property is for the jury to decide, not for the Court to resolve on a motion in limine.

7

**IV.     TPI agrees that Ms. Wynn may not testify that Plaintiffs were victims of a "targeted" crime without first establishing a proper foundation.**

Plaintiffs request an order prohibiting TPI from presenting "purely speculative testimony" that the burglary at their apartment was "targeted." (Plaintiffs' Motion at 14.) In support, they point exclusively to the deposition testimony of Latoya Wynn, the manager of the Seven Courts Apartments. (*Id.* at 13-15.) Plaintiffs concede, however, that Ms. Wynn may give that testimony upon laying sufficient foundation.

TPI agrees that it will not elicit that testimony from Ms. Wynn at trial without proper foundation. But it reserves the right to present that testimony—from Ms. Wynn or other witnesses—upon foundation being established. For this reason, TPI suggests that the Court reserve ruling on this issue until trial.

## CONCLUSION

For these reasons, TPI requests that the Court deny Plaintiffs' motion in limine.

Respectfully Submitted:

*/s/ Jeffrey W. Melcher*
Jeffrey W. Melcher
Georgia Bar No. 501180
424 Church Street, Suite 800
Nashville, TN 37219
615-620-1701 (phone)
844-670-6009 (fax)
jmelcher@dickinsonwright.com

>FREEMAN MATHIS & GARY, LLP
>Elissa B. Haynes
>Georgia Bar No. 804466
>P. Michael Freed
>Georgia Bar No. 061128
>100 Galleria Parkway, Ste. 1600
>Atlanta, GA 30339
>(770) 818-0000
>elissa.haynes@fmglaw.com
>michael.freed@fmglaw.com
>
>*Attorneys for Defendant*

Dated: August 3, 2023

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the court in Local Rule 5.1C. This pleading has been prepared in Times New Roman font, 14-point.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this 3rd day of August 2023, served a true and correct copy of the foregoing upon all parties via the U.S. District Court CM/ECF electronic filing and notification system as follows:

Aaron K. Block
Georgia Bar No. 508192
Andrea Perry Block
Georgia Bar No. 531027
Max Marks
Georgia Bar No. 477397
**THE BLOCK FIRM LLC**
309 East Paces Ferry Road, Suite 400
Atlanta, GA 30305
Telephone: (404) 997-8419

aaron@blockfirmllc.com
andrea@blocklawfirmllc.com
max.marks@blockfirmllc.com

*Counsel for Plaintiffs*

>   */s/ Jeffrey W. Melcher*
>   *Attorney for Defendant*

10